UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

___

| | |
|---|---|
| **EMANUEL V. BRAMLETT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 05-2200 |
| ) | |
| **OFFICER GREGORY MANZANA,** ) | |
| ) | |
| **Defendant.** ) | |

___

**OPINION**
___

This matter is before the court on Defendant Gregory Manzana's Motions in Limine (#48). On September 20, 2006, this court granted summary judgment on all of Plaintiff Emanuel Bramlett's claims with the exception of his excessive force claim stemming from allegedly being punched by Defendant Manzana. This case is currently set for trial on December 4, 2006. For the reasons that follow, Defendant's Motions in Limine are GRANTED in part and DENIED in part.

FIRST MOTION IN LIMINE

Defendant first argues that Plaintiff should not be able to present evidence that he was acquitted of the charge of aggravated battery. Defendant alleges in the instant case that he did not strike Plaintiff but merely pushed his face away after Plaintiff spit on him. Plaintiff's criminal charge arose from his alleged spitting on Defendant. This court agrees with Defendant that subsequent criminal proceedings against Plaintiff are irrelevant to the issue before the court, namely whether Defendant used excessive force in making contact with Plaintiff's face on the night in question. However, should Defendant open the door by presenting evidence that Plaintiff was

criminally charged in relation to the incident, Plaintiff will be able to complete the story by presenting evidence that he was acquitted of the charge. Accordingly, Defendant's First Motion in Limine is GRANTED in part and DENIED in part.

## SECOND MOTION IN LIMINE

In his Second Motion in Limine, Defendant seeks to bar Plaintiff from presenting evidence regarding alleged damages sustained after being charged with aggravated battery. Plaintiff alleges that he had difficulty becoming employed, he incurred travel expenses and attorney fees, he was scared to visit the University of Illinois for fear of being targeted by Champaign police, his health deteriorated, and he became depressed as a result of being charged with the crime. This court agrees with Defendant that to the extent any of these alleged damages resulted from the prosecution of Plaintiff's criminal case they are irrelevant to the issue before this court at trial. Plaintiff will be permitted to present only evidence regarding damages sustained as a result of Defendant allegedly striking Plaintiff. Therefore, Defendant's Second Motion in Limine is GRANTED.

## THIRD MOTION IN LIMINE

In his Third Motion in Limine, Defendant asks this court to bar Plaintiff from presenting any evidence of damage other than that resulting from Defendant making contact with Plaintiff's eye. Because this court has granted summary judgment on all claims other than Defendant allegedly punching Plaintiff, this court agrees that any evidence of damage other than that resulting from the alleged strike would be irrelevant. Defendant further seeks to bar any evidence that Plaintiff sustained permanent injury or requires future medical treatment. Based upon the record before it, this court will not bar Plaintiff from presenting this evidence. However, Defendant will remain free to object at trial to any testimony which lacks a proper foundation. Accordingly, Defendant's Third

Motion in Limine is GRANTED in part and DENIED in part.

## FOURTH MOTION IN LIMINE

In his Fourth Motion in Limine, Defendant seeks to bar Plaintiff from presenting evidence regarding insurance coverage for Defendant in the event he is found liable or that he is being indemnified by the City of Champaign and the Champaign Police Department. This court agrees that this evidence is not relevant to the question of whether Defendant used excessive force. However, if Defendant offers evidence or argument about his financial circumstances or an inability to pay, Plaintiff will be permitted to introduce this evidence in rebuttal. See Munley v. Carlson, 125 F. Supp. 2d 1117, 1119 (N. D. Ill. 2000).

IT IS THEREFORE ORDERED:

(1) Defendant's Motion in Limine (48) is GRANTED in part and DENIED in part.

(2) This case remains set for a final pretrial conference on November 21, 2006, at 10:00 a.m. and a jury trial beginning December 4, 2006.

ENTERED this 15th day of November, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE