UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

EMANUEL V. BRAMLETT,            )
                                )
        Plaintiff,               )
                                )
vs.                             )       Case No. 05-2200
                                )
OFFICER GREGORY MANZANA,        )
                                )
        Defendant.               )

**OPINION**

This matter is before the court for ruling on Defendant Gregory Manzana's Fifth and Sixth Motions in Limine (#51). In his Fifth Motion in Limine, Defendant Manzana argues that Plaintiff Bramlett should be barred from presenting evidence that he had a corneal ulceration as a pre-existing condition which was reinjured when Defendant Manzana allegedly punched him in the left eye. Plaintiff Bramlett did not allege in his complaint that his cornea was reinjured as a result of the punch. However, the pleadings of a pro se litigant are to be construed liberally. See Anderson v. Hardman, 241 F.3d 544, 545 (7th Cir. 2001). Plaintiff Bramlett will not be allowed to present expert testimony on this issue because he has not previously disclosed an expert witness. However, he will be permitted to testify on his own behalf regarding the injury. Defendant Manzana will be permitted to cross-examine Bramlett on this issue and argue to the jury that any damages which could be awarded as a result of the reinjury would be speculative. However, in light of Bramlett's pro se status, this court finds that it would be improper to bar Bramlett from presenting any evidence on this issue. Accordingly, Defendant's Fifth Motion in Limine is DENIED.

In his Sixth Motion in Limine, Defendant Manzana seeks to bar Plaintiff Bramlett from presenting evidence regarding whether arresting officers, including Defendant Manzana, should have known he was the victim in the fight which occurred on the night in question, whether Plaintiff Bramlett was ever told by Defendant Manzana or any other arresting officers why he was being arrested, the propriety of Plaintiff Bramlett being handcuffed, and the propriety of Plaintiff Bramlett's arrest. This court agrees with Defendant Manzana that these issues have already been decided on summary judgment, leaving only the issue of Defendant Manzana's alleged strike of Plaintiff Bramlett. Accordingly, Defendant's Sixth Motion in Limine is GRANTED.

IT IS THEREFORE ORDERED:

(1) Defendant's Fifth Motion in Limine is DENIED and Defendant's Sixth Motion in Limine is GRANTED.

(2) This case remains set for a jury trial beginning December 11, 2006, at 9:00 a.m.

ENTERED this 27th day of November, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE